# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NEW CASTLE COUNTY,         )
A political subdivision of the     )
State of Delaware            )
          Plaintiff,       )
                          )
       v.             )      C.A. No. N26J-01469
                          )
                          )
STEVEN J.F. COLEMAN, UNITED   )
STATES OF AMERICA and     )
TAX PARCEL NO. 11-014.30-115   )
                          )
        Defendants.     )

## ORDER

Defendant Steven J.F. Coleman filed a motion for reconsideration of the ruling lifting the Stay on the Sheriff's Sale. In addition, an interested party, Robert Stella, ("Interested Party") filed a request that the Court enter an Order vacating the June 9, 2026 Sheriff's Sale due to the prejudice that resulted from his lack of notice that the Stay had been lifted, and that the Sheriff's Sale was going forward on June 9, 2026.

Following the hearing held on July 17, 2026, this Court ruled that the Defendant's motion for reconsideration of the Court's ruling lifting the Stay on the Sheriff's Sale was DENIED. The possibility of future financing does not constitute a legal basis to stay execution of a valid judgment or postpone a Sheriff's Sale. The

stay of the Sheriff's Sale was properly lifted.

As to the Interested Party's request to vacate the June 9, 2026 Sheriff Sale considering the unfairness and prejudice that resulted from his lack of notice that the Sheriff's Sale was proceeding on that date, the Court GRANTED that request.

The Court's ruling on July 17, 2026 is memorialized herein.

A Sheriff's Sale was scheduled on June 9, 2026, and all interested parties were given notice of that sale, including Robert Stella, who holds the first mortgage on the property at issue: 31 Phoenix Avenue, Newark, Delaware 19702 (the "Property").

Robert Stella planned on attending the Sheriff's Sale and intended to bid on the Property to protect his interests.

On June 4, 2026, Defendant Steven J.F. Coleman filed an Emergency Motion to Stay the Sheriff's Sale, which the Court granted. The Court ruled that the Sheriff's Sale would be stayed for one month.

Robert Stella was apprised of the stay of the Sheriff's Sale and therefore had no reason to believe he needed to appear for the June 9, 2026 Sheriff's Sale as it was stayed and would not be going forward.

Following the Court's June 4, 2026 Order staying the Sheriff's Sale, New Castle County filed a request for the Court to lift the stay and allow the Property to proceed to Sheriff's Sale.

By Order dated June 8, 2026, which was docketed at 9:24 p.m. that evening, the Court reversed its prior ruling staying the Sheriff's Sale and allowed the Sheriff's Sale to proceed the following day, on June 9, 2026.

Robert Stella never received actual notice from anyone, including New Castle County, that the stay of the Sheriff's Sale had been lifted. As a result, Robert Stella never had the opportunity to attend the Sheriff's Sale and was unable to protect his interest in the Property.

The sale price of the Property from the successful bidder at the June 9, 2026 Sheriff's Sale was far below that which would have been obtained if Mr. Stella had been present at the Sheriff's Sale. Had actual notice of the lifting of the stay been provided to Mr. Stella, either he or his counsel would have attended the Sheriff's Sale and the Property would not have sold for almost half of what he was owed. Mr. Stella was prepared to, and had instructed his counsel to, bid the full amount of his security interest in the Property, almost twice the amount of the successful bid. This resulted in a substantial loss to Mr. Stella and also left the Defendant/Debtor Steven Coleman with a substantial amount owed to Mr. Stella that would have been significantly ameliorated had Mr. Stella had a fair and informed opportunity to appear at the Sheriff Sale and bid on the Property.

Due to the unfairness and prejudice that resulted from the failure of notice to Mr. Stella that the Stay had been lifted and that the Sheriff's Sale was going forward,

3

Mr. Stella requested the Court to enter an Order vacating the June 9, 2026 Sheriff's Sale.

The Superior Court has broad discretion to confirm or set aside a Sheriff's Sale.[1] When there are irregularities in the sale proceedings, or fraud, unfairness, or other extraneous matters demonstrating unfairness to one of the interested parties, the court may set aside a sale.[2]

Under the facts and circumstances of this matter, the Sheriff's Sale held on June 9, 2026 must be set aside due to the demonstrated unfairness and prejudice to an interested party. Mr. Stella should have received adequate and timely notice that the stay had been lifted, and the Sheriff's Sale was moving forward. He received no actual notice and the Court Order lifting the stay was docketed on June 8, 2026 at 9:24 p.m., and the Sheriff's Sale was held the following morning, June 9, 2026, far from fair and adequate notice. Mr. Stella never received notice and was unaware that the Sheriff's Sale was going forward.

Because Mr. Stella was not afforded a fair and informed opportunity to appear at the Sheriff's Sale and bid on the Property to protect his interest, the June 9, 2026 Sheriff's Sale must be set aside. Confirmation of the sale is denied.

---

[1] *EN Properties LLC v. Freedom Mortgage Corporation,* 2025 WL 3013001, *2 (Del.).
[2] *Id.*

4

Of course, when the Sheriff's Sale is rescheduled, New Castle County must ensure that all interested parties have appropriate and timely notice of the rescheduled sale.

IT IS SO ORDERED.


Dated:  July 22, 2026                                   /s/ Lynne M. Parker
                                                                  The Honorable Lynne M. Parker